# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SHAWN D. JENSEN and ) | Case No. 21-10698 |
| CARMELA K. JENSEN, ) | Chapter 11 |
| ) | |
| Debtors. ) | |
| ) | |
| SHAWN JENSEN DDS, P.A., ) | Case No. 21-10699-11 |
| ) | |
| Debtor. ) | JOINTLY ADMINISTERED |
| ) | |
| BANKERS HEALTHCARE GROUP LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Adversary Proceeding No. _____ |
| HEARTLAND CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**BANKERS HEALTHCARE GROUP, LLC'S COMPLAINT TO
DETERMINE THE VALIDITY AND EXTENT OF HEARTLAND CREDIT UNION'S
LIEN AGAINST THE ASSETS OF DEBTOR SHAWN JENSEN DDS, PA
AND TO OBTAIN DECLARATORY RELIEF**

COMES NOW Bankers Healthcare Group, LLC ("BHG"), by and through its undersigned counsel, seeking a declaration of this Court pursuant to 28 U.S.C. § 2201 *et. seq.* and Federal Rules of Bankruptcy Procedure 7001(9) determining Heartland Credit Union ("HCU") does not hold a valid lien or claim against Debtor Shawn Jensen DDS, PA (the "Jensen PA") or its assets or, in the alternative, HCU does not hold a validly perfected interest against Jensen PA's asset. As will be discussed in more detail herein and shown at trial, HCU is not a creditor of Jensen PA and has no secured position against any of Jensen PA's assets because: 1) no loan documents exist between HCU and Jensen PA; 2) no UCC is on file with the Kansas Secretary of State purporting to perfect a security interest of HCU against Jensen PA's assets; and 3) HCU only filed two unsecured proofs

In the United States Bankruptcy Court for the District of Kansas
*Bankers Healthcare Group, LLC v. Heartland Credit Union*, Adv. Case No. 22-
(*In re Shawn D. & Carmela K. Jensen*) Case No. 21-10698 / (*In re Shawn D. Jensen DDS*) Case No. 21-10699
**BANKERS HEALTHCARE GROUP, LLC'S COMPLAINT TO DETERMINE THE VALIDITY AND EXTENT OF HEARTLAND CREDIT UNION'S LIEN AGAINST THE ASSETS OF DEBTOR SHAWN JENSEN DDS, PA AND TO OBTAIN DECLARATORY RELIEF**
Page | 2

of claim in the instant bankruptcy and did not file a secured claim and, pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(4), the filing of the unsecured claims supersedes Jensen PA's scheduling of HCU's claim. Therefore, HCU is not a creditor of Jensen PA and, even if it is, it is an unsecured one. In support thereof, BHG would respectfully show as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory bases for the relief sought herein is section 105, of title 11 of the Unite States Code, 11 U.S.C. §101 *et. seq.* as amended (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 7001(9).

4. Venue for the proceeding is proper in the United States Bankruptcy Court for the District of Kansas pursuant to 28 U.S.C. § 1409(a).

5. Rule 7001(2) of the Federal Rules of Bankruptcy Procedure require a request for the Court to determine the validity, priority or extent of a lien be brought by way of adversary proceeding.

6. Rule 7001(9) of the Federal Rules of Bankruptcy Procedure require a request for declaratory judgment related to the validity, priority or extent of a lien be brought by way of adversary proceeding.

7. As a creditor, BHG is a "party in interest" as the term is defined under 11 U.S.C. 1109(b) and as such may bring this action before the Court.

## PARTIES

8. BHG is a foreign limited liability company registered to do business in Kansas.

In the United States Bankruptcy Court for the District of Kansas
*Bankers Healthcare Group, LLC v. Heartland Credit Union*, Adv. Case No. 22-
(*In re Shawn D. & Carmela K. Jensen*) Case No. 21-10698 / (*In re Shawn D. Jensen DDS*) Case No. 21-10699
**BANKERS HEALTHCARE GROUP, LLC'S COMPLAINT TO DETERMINE THE VALIDITY AND EXTENT OF HEARTLAND CREDIT UNION'S LIEN AGAINST THE ASSETS OF DEBTOR SHAWN JENSEN DDS, PA AND TO OBTAIN DECLARATORY RELIEF**
Page | 3

9. HCU is a not-for-profit corporation doing business in Kansas. Heartland can be served with process through its registered agent, Daniel L. Springer, 900 E. 23rd Street, Hutchinson, KS 67502.

## I. BACKGROUND INFORMATION

10. On July 26, 2021, Jensen PA filed its voluntary bankruptcy petition [Dkt. 1] under subchapter V of Chapter 11 of the United States Bankruptcy Code. BHG is a secured creditor of Jensen PA and holds a first priority perfected allowed secured claim against Jensen PA's accounts receivables, inventory, instruments, equipment, intangibles, accounts, chattel paper, good will, and any and all proceeds thereof (collectively, the "Collateral"). BHG's security interest was perfected by the filing of a UCC financing statement.

11. On November 23, 2021, Jensen PA filed its Plan [Dkt. 51] listing HCU as a secured creditor. BHG is listed in Jensen PA's Schedules as a secured creditor. Jensen PA's Schedules also listed HCU as a secured creditor.

12. Upon information and belief, HCU has not entered into any loan or security agreement with Jensen PA. Accordingly, HCU holds no debt owed to it by Jensen PA and HCU cannot and does not hold any secured interest in any of Jensen PA's Collateral.

13. HCU filed two unsecured proofs of claim in Jensen PA's Bankruptcy Case – Claim 3-1 and Claim 4. Claim 3 is for individual debtors Shawn D. Jensen and Carmela K. Jensen in Case No. 22-10698 and the documents only list them personally as responsible for an agreement for overdraft protection with HCU as an unsecured creditor. Exhibit 1**.** Claim 4[1] does identify Jensen PA in Case No. 22-10699 as the debtor responsible for overdraft protection. Claim 4

---

[1] A duplicate of Claim 4 in Jensen PA was filed as Claim 18 in the individual debtors' case 22-10698.

In the United States Bankruptcy Court for the District of Kansas
*Bankers Healthcare Group, LLC v. Heartland Credit Union*, Adv. Case No. 22-
(*In re Shawn D. & Carmela K. Jensen*) Case No. 21-10698 / (*In re Shawn D. Jensen DDS*) Case No. 21-10699
**BANKERS HEALTHCARE GROUP, LLC'S COMPLAINT TO DETERMINE THE VALIDITY AND EXTENT OF HEARTLAND CREDIT UNION'S LIEN AGAINST THE ASSETS OF DEBTOR SHAWN JENSEN DDS, PA AND TO OBTAIN DECLARATORY RELIEF**
Page | 4

attaches a business/estate account agreement identifying Shawn D. Jensen as the president of Jensen PA signing on behalf of the entity Jensen PA. Exhibit 2. HCU filed proofs of claim 23 and 24 in the related (and jointly administered) personal bankruptcy cases of Shawn D. Jensen and Carmela K. Jensen Case 22-10698 but those claims do not contain any evidence of any indebtedness between Jensen PA and HCU, only between the individual debtors and HCU. *See* Exhibits 3 – 4.

14. BHG has also reviewed HCU's proofs of claim and documentation filed in the Jensens' personal bankruptcy case, which is jointly administered with this Bankruptcy Case. Claims 23 and 24 in the individual cases also list the HCU UCC as a basis for its secured status in the individual debtors' case. Exhibit 3, page 9 (identifying debtor type as individual but listing the HCU UCC), page 20 (identifying debtor type as individual but listing the HCU UCC), page 28; Exhibit 4, pages 1-2, 30-31, 36. "Shawn D. Jensen DDS, PA" is not a party to any loan documents or security agreements with HCU. Shawn D. Jensen and Carmela K. Jensen only signed personally as individual debtors in the loan documents with no reference to "Shawn D. Jensen DDS, PA" or any other entity for that matter.

15. HCU did not file a secured proof of claim in Jensen PA's Bankruptcy Case, only two unsecured proofs of claim, only one of which lists Jensen PA as the debtor for a few hundred dollars in overdraft protection. Exhibit 2. The HCU proofs of claim filed in the personal case include several loan documents and related security agreements and UCC filings, none of which list or otherwise identify specifically "Shawn D. Jensen DDS, PA" as a party. *See* Exhibits 3 – 4; Exhibit 6 – 1999 Kansas Secretary of State Articles of Incorporation for Jensen PA identifying the name of entity as "Shawn D. Jensen DDS, PA" (non-certified copy); Exhibit 7 – 2017 Kansas

In the United States Bankruptcy Court for the District of Kansas
*Bankers Healthcare Group, LLC v. Heartland Credit Union*, Adv. Case No. 22-
(*In re Shawn D. & Carmela K. Jensen*) Case No. 21-10698 / (*In re Shawn D. Jensen DDS*) Case No. 21-10699
**BANKERS HEALTHCARE GROUP, LLC'S COMPLAINT TO DETERMINE THE VALIDITY AND EXTENT OF HEARTLAND CREDIT UNION'S LIEN AGAINST THE ASSETS OF DEBTOR SHAWN JENSEN DDS, PA AND TO OBTAIN DECLARATORY RELIEF**
Page | 5

Secretary of State Certificate of Reinstatement of Jensen PA (non-certified copy)**.** The HCU loan documents only identify Shawn D. Jensen and Carmela K. Jensen with no indication the individuals are signing in any capacity on behalf of any entity. *Id.*

16. Further, if HCU argues it has entered into a loan agreement and security agreement with Jensen PA based on the HCU UCC Financing Statement (the "HCU UCC"), the HCU UCC is deficient on its face and seriously misleading. Exhibit 5 – HCU 12/13/13 UCC Financing Statement #101183772 with 2018 continuation. No loan documents from 2013 are included with any proof of claim, only 2014 or later even though the HCU UCC is dated in 2013. *See* Exhibits 3 - 4. Again, the HCU UCC misleads and only identifies Shawn D. Jensen, Carmela K. Jensen, and "Shawn D. Jensen, DDS" but never the full legal name of the organization. Exhibit 5.

17. The HCU UCC does not name "Shawn D. Jensen, DDS PA" specifically and is seriously misleading as to the identity of the debtor. The Kansas Secretary of State records contain Jensen PA's articles of incorporation which specifically identify Jensen PA as "Shawn D. Jensen, DDS PA."[2] HCU is not and could not be a properly perfected lienholder because the HCU UCC did not use the Jensen PA entity's full legal name, "Shawn D. Jensen DDS, P.A." Exhibit 6 – 1999 Kansas Secretary of State Articles of Incorporation for Jensen PA (non-certified copy); Exhibit 7 – 2017 Kansas Secretary of State Certificate of Reinstatement of Jensen PA (non-certified copy). A search using the Kansas Secretary of State filing office's standard search logic for "Shawn D. Jensen DDS, PA" does not disclose HCU's purported security interest in Jensen PA's assets. The HCU UCC does include "Shawn D. Jensen, DDS" in addition to Shawn D. Jensen and Carmela

---

[2] It appears the Debtor Jensen PA did not use its full registered organization entity name when filing its bankruptcy. The Debtor is named as "Shawn Jensen, DDS PA" on its petition with no middle initial, which is not how Jensen PA is listed with the Kansas Secretary of State.

In the United States Bankruptcy Court for the District of Kansas
*Bankers Healthcare Group, LLC v. Heartland Credit Union*, Adv. Case No. 22-
(*In re Shawn D. & Carmela K. Jensen*) Case No. 21-10698 / (*In re Shawn D. Jensen DDS*) Case No. 21-10699
**BANKERS HEALTHCARE GROUP, LLC'S COMPLAINT TO DETERMINE THE VALIDITY AND EXTENT OF HEARTLAND CREDIT UNION'S LIEN AGAINST THE ASSETS OF DEBTOR SHAWN JENSEN DDS, PA AND TO OBTAIN DECLARATORY RELIEF**
Page | 6

K. Jensen, but this is insufficient to identify Jensen PA. Even if "Shawn D. Jensen, DDS" were a trade name for "Shawn D. Jensen DDS, PA", a trade name alone is insufficient to identify a debtor in a UCC financing statement under KAN. STAT. ANN. § 84-9-503(c).

## II.     CAUSE OF ACTION

**COUNT 1: DETERMINATION OF THE EXTENT AND VALIDITY OF HCU'S LIEN**

18.    The allegations contained in the preceding paragraphs are incorporated herein as if set out in full.

19.    HCU did not file a secured proof of claim in Jensen PA's Bankruptcy Case, only two unsecured proofs of claim, only one of which lists Jensen PA as the debtor for a few hundred dollars in overdraft protection. Exhibit 2. Bankruptcy Rule of Procedure 3003(a) states a creditor filing a proof of claim in a Chapter 11 case "shall supersede any scheduling of that claim or interest pursuant to §521(a)(1) of the Code." The effect of HCU's filed unsecured proofs of claim is the unsecured claims supersede any purported secured claim(s) scheduled by Jensen PA for HCU.

20.    BHG seeks a determination from this Court HCU does not have a lien on any of Jensen PA's assets or, alternatively, HCU's lien is unperfected.

21.    HCU is not a creditor of Jensen PA.

22.    Even if HCU were a creditor of Jensen PA, it does not hold a perfected security interest against Jensen PA's Collateral because the HCU UCC is seriously misleading and does not properly specifically identify Jensen PA by its full legal registered organization name of "Shawn D. Jensen DDS, PA."

23.    Under KAN. STAT. ANN. § 84-9-506, a financing statement is seriously misleading if it fails to sufficiently provide a debtor's name in accordance with KAN. STAT. ANN. § 84-9-

In the United States Bankruptcy Court for the District of Kansas
*Bankers Healthcare Group, LLC v. Heartland Credit Union*, Adv. Case No. 22-
(*In re Shawn D. & Carmela K. Jensen*) Case No. 21-10698 / (*In re Shawn D. Jensen DDS*) Case No. 21-10699
**BANKERS HEALTHCARE GROUP, LLC'S COMPLAINT TO DETERMINE THE VALIDITY AND EXTENT OF HEARTLAND CREDIT UNION'S LIEN AGAINST THE ASSETS OF DEBTOR SHAWN JENSEN DDS, PA AND TO OBTAIN DECLARATORY RELIEF**
Page | 7

503(a). Under KAN. STAT. ANN. § 84-9-503(a), in order to sufficiently identify a registered organization debtor by name, the name must match that listed on the public record of the registered organization's jurisdiction where it was organized. The HCU UCC does not include Jensen PA's full legal registered organization name and therefore does not sufficiently identify Jensen PA.

24. This matter presents a genuine and actual controversy relating to the extent and validity of HCU with respect to its alleged claims and secured status against Jensen PA and its assets (including the Collateral). Accordingly, this action is brought pursuant to 28 U.S.C. § 2201 and Rule 7001(9) of the Federal Rules of Bankruptcy Procedure.

**III.**

WHEREFORE, BHG requests this Court enter judgment in its favor, and against Heartland Credit Union: (i) providing declaratory relief determining HCU holds no valid interest or claim against Jensen PA or its Collateral; (ii) if Heartland Credit Union does have a lien, it is unperfected; (iii) if available under Kansas law, attorneys' fees and costs under 28 U.S.C. § 2202, or any other applicable basis, and (iv) providing such other relief as is just and reasonable.

Dated: May 13, 2022

Respectfully submitted,

/s/ Nicholas R. Grillot
Nicholas R. Grillot, # 22054
Hinkle Law Firm LLC
1617 N. Waterfront Pkwy, Ste. 400
Wichita, KS 67206-6639
Telephone: (316) 660-6211
Fax: (316) 660-6523
ngrillot@hinklaw.com

**LOCAL COUNSEL FOR BANKERS HEALTHCARE GROUP, LLC**

In the United States Bankruptcy Court for the District of Kansas
*Bankers Healthcare Group, LLC v. Heartland Credit Union*, Adv. Case No. 22-
(*In re Shawn D. & Carmela K. Jensen*) Case No. 21-10698 / (*In re Shawn D. Jensen DDS*) Case No. 21-10699
**BANKERS HEALTHCARE GROUP, LLC'S COMPLAINT TO DETERMINE THE VALIDITY AND EXTENT OF HEARTLAND CREDIT UNION'S LIEN AGAINST THE ASSETS OF DEBTOR SHAWN JENSEN DDS, PA AND TO OBTAIN DECLARATORY RELIEF**
Page | 8

    **Charlie Shelton**
      Texas State Bar No. 24079317
      cshelton@haywardfirm.com
    HAYWARD PLLC
    901 MoPac Expressway South
    Building 1, Suite 300
    Austin, TX 78746
    (737) 881-7100 (phone/fax)

    COUNSEL FOR BANKERS
    HEALTHCARE GROUP, LLC

    ADMITTED PRO HAC VICE